UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| TAMARA GLOVER,<br><br>        Plaintiff,<br><br>   -against-<br><br>CAROLYN GRIMALDI, ESQ.; MINDY JENG; JOHN DOES 1-10, currently unknown Committee Members,<br><br>        Defendants. | No. 23-CV-5019<br><br>ORDER OF SERVICE |

KENNETH M. KARAS, United States District Judge:

  Plaintiff Tamara Glover, of Middletown, New York, who is proceeding pro se, has paid the fees to commence this action. She asserts claims under the Religious Freedom Restoration Act, Title VII of the Civil Rights Act of 1964 ("Title VII"), and 42 U.S.C. § 1983. Plaintiff appears to assert claims of employment discrimination and retaliation arising from her employment with the New York State Unified Court System ("UCS").

  Plaintiff sues: (1) Carolyn Grimaldi, Director of Human Resources for the New York State Office of Court Administration; (2) Mindy Jeng, an attorney employed by the New York State Office of Court Administration; and (3) "John Does 1-10 [who] are currently unknown Committee Members who purportedly rejected [Plaintiff's] request for a religious exemption to [a] COVID-19 vaccination requirement." (Compl. 2 (Dkt. No. 1).) She sues the defendants in their individual and official capacities, and seeks damages, as well as injunctive and declaratory relief. The Court construes the complaint as asserting additional claims of employment discrimination and retaliation under the New York State Human Rights Law.

  For the following reasons, the Court directs the Clerk of Court to add, under Rule 21 of the Federal Rules of Civil Procedure, the UCS as a defendant in this action. The Court also

directs the Attorney General of the State of New York to provide to Plaintiff and the Court the identities and service addresses of the unidentified "John Doe" defendants. The Court further directs the Clerk of Court to issues summonses as to Defendants Grimaldi, Jeng, and the UCS.

## DISCUSSION

**A.    UCS**

"Title VII does not impose liability on individuals. . . ." *Lore v. City of Syracuse*, 670 F.3d 127, 169 (2d Cir. 2012). "Instead, the only proper defendant in a Title VII claim is the plaintiff's employer." *Chibuzor v. Corwin*, No. 20-CV-9643, 2020 WL 6905304, at *2 (S.D.N.Y. Nov. 23, 2020) (quotation marks and citation omitted); *see also Farmer v. Fzoad.com Enters. Inc.*, No. 17-CV-9300, 2020 WL 6530787, at *6 (S.D.N.Y. Aug. 5, 2020), *report & recommendation adopted*, 2020 WL 5569581 (S.D.N.Y. Sept. 17, 2020). Under Rule 21 of the Federal Rules of Civil Procedure, the Court, on its own motion, "may at any time, on just terms, add or drop a party." Fed. R. Civ. P. 21; *see also Anwar v. Fairfield Greenwich, Ltd.*, 118 F. Supp. 3d 591, 618-19 (S.D.N.Y. 2015) (Rule 21 "afford[s] courts discretion to shape litigation in the interests of efficiency and justice."). Under this rule, courts have added an entity as a defendant in an action, though that entity is not named as a defendant in the complaint, because it is mentioned "throughout the body of the [c]omplaint" as involved in the underlying alleged events. *George v. Westchester Cnty. Dep't of Corr.*, No. 20-CV-1723, 2020 WL 1922691, at *2 (S.D.N.Y. Apr. 21, 2020); *see also Adams v. NYC Dep't of Corrs.*, No. 19-CV-5009, 2019 WL 2544249, at *2 (S.D.N.Y. June 20, 2019).

Plaintiff does not name the UCS, her employer, as a defendant, only individual UCS officials. She does seem to allege, however, that she was discriminated against and retaliated against with regard to her employment as a result of her efforts to seek a religious exemption to an employer-imposed COVID-19-vaccine mandate. In light of Plaintiff's *pro se* status and these

allegations, the Court understands Plaintiff's complaint as asserting claims under Title VII against the UCS.  Accordingly, the Court directs the Clerk of Court to add, under Rule 21 of the Federal Rules of Civil Procedure, the UCS as a defendant in this action.  This amendment is without prejudice to any defenses the UCS may wish to assert.

**B.      Unidentified "John Doe" defendants**

Under *Valentin v. Dinkins*, a *pro se* litigant is entitled to assistance from the district court in identifying a defendant. 121 F.3d 72, 76 (2d Cir. 1997).  In the complaint, Plaintiff supplies sufficient information to permit the UCS to identify the unidentified "John Doe" defendants.  They are members of a UCS Vaccination Review Committee who, along with Defendants Grimaldi and Jeng, denied Plaintiff's request for a religious exemption to the UCS-imposed COVID-19-vaccine mandate.  It is therefore ordered that the Attorney General of the State of New York, who is the attorney for and agent of the UCS, must ascertain the identity of each of the unidentified "John Doe" defendants whom Plaintiff seeks to sue here and the address where each of those defendants may be served.  The Attorney General must provide this information to Plaintiff and the Court within 60 days of the date of this order.

Within 30 days of receiving this information, Plaintiff must file an amended complaint naming the newly identified defendants.  The amended complaint will replace, not supplement, the original complaint.  An amended complaint form that Plaintiff should complete is attached to this order.  Once Plaintiff has filed an amended complaint, the Court will screen the amended complaint and, if necessary, issue an order directing the Clerk of Court to issue summonses as to the newly identified defendants.

## CONCLUSION

The Court directs the Clerk of Court to add the New York State Unified Court System as a defendant in this action.  *See* Fed. R. Civ. P. 21.

The Court also directs the Clerk of Court to issue summonses as to Defendants Grimaldi, Jeng, and the New York State Unified Court System. Plaintiff is directed to serve the summonses and the complaint on each of those defendants within 90 days of the issuance of the summonses.[1] If within those 90 days, Plaintiff has not either served those defendants or requested an extension of time to do so, the Court may dismiss the claims against those defendants under Rules 4 and 41 of the Federal Rules of Civil Procedure for failure to prosecute.

The Court further directs the Clerk of Court to mail a copy of this order and the complaint to the Attorney General of the State of New York at 28 Liberty Street, 16th Floor, New York, New York 10005.

An amended complaint form is attached to this order.

SO ORDERED.

Dated:   August 16, 2023
         White Plains, New York

                                  KENNETH M. KARAS
                                  United States District Judge

---

[1] Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that a summons be served within 90 days of the date the complaint is filed, summonses for this action were not issued when Plaintiff filed the complaint. The Court therefore extends the time to serve Defendants Grimaldi, Jeng, and the New York State Unified Court System until 90 days after the date the abovementioned summonses are issued.

4

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

Write the full name of each plaintiff.

-against-

_____

Write the full name of each defendant. The names listed above must be identical to those contained in Section I.

_____CV_____
(Include case number if one has been assigned)

Do you want a jury trial?
☐ Yes    ☐ No

# AMENDED
# EMPLOYMENT DISCRIMINATION COMPLAINT

**NOTICE**

The public can access electronic court files. For privacy and security reasons, papers filed with the court should therefore *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number. See Federal Rule of Civil Procedure 5.2.

## I.   PARTIES

### A.   Plaintiff Information

Provide the following information for each plaintiff named in the complaint. Attach additional pages if needed.

_____
First Name                          Middle Initial           Last Name

_____
Street Address

_____
County, City                                State                 Zip Code

_____
Telephone Number                            Email Address (if available)

### B.   Defendant Information

To the best of your ability, provide addresses where each defendant may be served. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are the same as those listed in the caption. (Proper defendants under employment discrimination statutes are usually employers, labor organizations, or employment agencies.) Attach additional pages if needed.

Defendant 1:   _____
                Name

               _____
               Address where defendant may be served

               _____
               County, City                State                 Zip Code

Defendant 2:   _____
                Name

               _____
               Address where defendant may be served

               _____
               County, City                State                 Zip Code

Defendant 3:

_____
Name

_____
Address where defendant may be served

_____
County, City          State          Zip Code

## II.   PLACE OF EMPLOYMENT

The address at which I was employed or sought employment by the defendant(s) is:

_____
Name

_____
Address

_____
County, City          State          Zip Code

## III.   CAUSE OF ACTION

### A.   Federal Claims

This employment discrimination lawsuit is brought under (check only the options below that apply in your case):

☐ **Title VII of the Civil Rights Act of 1964**, 42 U.S.C. §§ 2000e to 2000e-17, for employment discrimination on the basis of race, color, religion, sex, or national origin

The defendant discriminated against me because of my (check only those that apply and explain):

☐ race: _____

☐ color: _____

☐ religion: _____

☐ sex: _____

☐ national origin: _____

Page 3

☐ **42 U.S.C. § 1981**, for intentional employment discrimination on the basis of race

    My race is: _____

☐ **Age Discrimination in Employment Act of 1967**, 29 U.S.C. §§ 621 to 634, for employment discrimination on the basis of age (40 or older)

    I was born in the year: _____

☐ **Rehabilitation Act of 1973**, 29 U.S.C. §§ 701 to 796, for employment discrimination on the basis of a disability by an employer that constitutes a program or activity receiving federal financial assistance

    My disability or perceived disability is: _____

☐ **Americans with Disabilities Act of 1990**, 42 U.S.C. §§ 12101 to 12213, for employment discrimination on the basis of a disability

    My disability or perceived disability is: _____

☐ **Family and Medical Leave Act of 1993**, 29 U.S.C. §§ 2601 to 2654, for employment discrimination on the basis of leave for qualified medical or family reasons

**B. Other Claims**

In addition to my federal claims listed above, I assert claims under:

☐ **New York State Human Rights Law**, N.Y. Exec. Law §§ 290 to 297, for employment discrimination on the basis of age, race, creed, color, national origin, sexual orientation, military status, sex, disability, predisposing genetic characteristics, marital status

☐ **New York City Human Rights Law**, N.Y. City Admin. Code §§ 8-101 to 131, for employment discrimination on the basis of actual or perceived age, race, creed, color, national origin, gender, disability, marital status, partnership status, sexual orientation, alienage, citizenship status

☐ Other (may include other relevant federal, state, city, or county law): _____

IV.     **STATEMENT OF CLAIM**

A.   **Adverse Employment Action**

The defendant or defendants in this case took the following adverse employment actions against me (check only those that apply):

- ☐ did not hire me
- ☐ terminated my employment
- ☐ did not promote me
- ☐ did not accommodate my disability
- ☐ provided me with terms and conditions of employment different from those of similar employees
- ☐ retaliated against me
- ☐ harassed me or created a hostile work environment
- ☐ other (specify): _____

B.   **Facts**

State here the facts that support your claim. Attach additional pages if needed. You should explain what actions defendants took (or failed to take) *because of* your protected characteristic, such as your race, disability, age, or religion. Include times and locations, if possible. State whether defendants are continuing to commit these acts against you.

_____
_____
_____
_____
_____
_____

As additional support for your claim, you may attach any charge of discrimination that you filed with the U.S. Equal Employment Opportunity Commission, the New York State Division of Human Rights, the New York City Commission on Human Rights, or any other government agency.

## V. ADMINISTRATIVE PROCEDURES

For most claims under the federal employment discrimination statutes, before filing a lawsuit, you must first file a charge with the U.S. Equal Employment Opportunity Commission (EEOC) and receive a Notice of Right to Sue.

Did you file a charge of discrimination against the defendant(s) with the EEOC or any other government agency?

☐ Yes (Please attach a copy of the charge to this complaint.)

　　When did you file your charge? _____

☐ No

Have you received a Notice of Right to Sue from the EEOC?

☐ Yes (Please attach a copy of the Notice of Right to Sue.)

　　What is the date on the Notice? _____

　　When did you receive the Notice? _____

☐ No

## VI. RELIEF

The relief I want the court to order is (check only those that apply):

☐ direct the defendant to hire me

☐ direct the defendant to re-employ me

☐ direct the defendant to promote me

☐ direct the defendant to reasonably accommodate my religion

☐ direct the defendant to reasonably accommodate my disability

☐ direct the defendant to (specify) (if you believe you are entitled to money damages, explain that here)

_____
_____
_____
_____

**VII.   PLAINTIFF'S CERTIFICATION**

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I agree to notify the Clerk's Office in writing of any changes to my mailing address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.

| Dated | Plaintiff's Signature |
|---|---|
| First Name        Middle Initial | Last Name |
| Street Address | |
| County, City       State | Zip Code |
| Telephone Number | Email Address (if available) |

I have read the attached Pro Se (Nonprisoner) Consent to Receive Documents Electronically:

☐ Yes   ☐ No

    If you do consent to receive documents electronically, submit the completed form with your complaint. If you do not consent, please do not attach the form.



United States District Court
Southern District of New York

# Pro Se (Nonprisoner) Consent to Receive Documents Electronically

Parties who are not represented by an attorney and are not currently incarcerated may choose to receive documents in their cases electronically (by e-mail) instead of by regular mail. Receiving documents by regular mail is still an option, but if you would rather receive them only electronically, you must do the following:

1. Sign up for a PACER login and password by contacting PACER[1] at www.pacer.uscourts.gov or 1-800-676-6856;

2. Complete and sign this form.

If you consent to receive documents electronically, you will receive a Notice of Electronic Filing by e-mail each time a document is filed in your case. After receiving the notice, you are permitted one "free look" at the document by clicking on the hyperlinked document number in the e-mail.[2] Once you click the hyperlink and access the document, you may not be able to access the document for free again. After 15 days, the hyperlink will no longer provide free access. Any time that the hyperlink is accessed after the first "free look" or the 15 days, you will be asked for a PACER login and may be charged to view the document. For this reason, *you should print or save the document during the "free look" to avoid future charges.*

## IMPORTANT NOTICE

Under Rule 5 of the Federal Rules of Civil Procedure, Local Civil Rule 5.2, and the Court's Electronic Case Filing Rules & Instructions, documents may be served by electronic means. If you register for electronic service:

1. You will no longer receive documents in the mail;

2. If you do not view and download your documents during your "free look" and within 15 days of when the court sends the e-mail notice, you will be charged for looking at the documents;

3. This service does *not* allow you to electronically file your documents;

4. It will be your duty to regularly review the docket sheet of the case.[3]

---

[1] Public Access to Court Electronic Records (PACER) (www.pacer.uscourts.gov) is an electronic public access service that allows users to obtain case and docket information from federal appellate, district, and bankruptcy courts, and the PACER Case Locator over the internet.

[2] You must review the Court's actual order, decree, or judgment and not rely on the description in the email notice alone. *See* ECF Rule 4.3

[3] The docket sheet is the official record of all filings in a case. You can view the docket sheet, including images of electronically filed documents, using PACER or you can use one of the public access computers available in the Clerk's Office at the Court.

500 PEARL STREET | NEW YORK, NY 10007
300 QUARROPAS STREET | WHITE PLAINS, NY 10601

PRO SE INTAKE UNIT: 212-805-0175

rev. 2/9/15

# CONSENT TO ELECTRONIC SERVICE

I hereby consent to receive electronic service of notices and documents in my case(s) listed below. I affirm that:

1. I have regular access to my e-mail account and to the internet and will check regularly for Notices of Electronic Filing;

2. I have established a PACER account;

3. I understand that electronic service is service under Rule 5 of the Federal Rules of Civil Procedure and Rule 5.2 of the Local Civil Rules, and that I will no longer receive paper copies of case filings, including motions, decisions, orders, and other documents;

4. I will promptly notify the Court if there is any change in my personal data, such as name, address, or e-mail address, or if I wish to cancel this consent to electronic service;

5. I understand that I must regularly review the docket sheet of my case so that I do not miss a filing; and

6. I understand that this consent applies only to the cases listed below and that if I file additional cases in which I would like to receive electronic service of notices of documents, I must file consent forms for those cases.

**Civil case(s) filed in the Southern District of New York:**

**Note:** This consent will apply to all cases that you have filed in this court, so please list all of your pending and terminated cases. For each case, include the case name and docket number (for example, John Doe v. New City, 10-CV-01234).

_____

_____

_____
Name (Last, First, MI)

_____
Address          City          State          Zip Code

_____
Telephone Number          E-mail Address

_____
Date          Signature

**Return completed form to:**

Pro Se Intake Unit (Room 200)
500 Pearl Street
New York, NY 10007